UNITED STATES BANKRUPTCY COURT
EASTERN AND WESTERN DISTRICTS OF ARKANSAS

1:11-bk-70896

IN RE: VERNELL & GLADYS DAVIS          CASE NO:
       DEBTORS                                  CHAPTER 13

**CHAPTER 13 NARRATIVE STATEMENT OF PLAN**

**PAYMENT TO THE TRUSTEE**: Shall be paid by Debtor as set forth below:

DEBTOR PROPOSES TO PAY $ 1185 PER MONTH TO THE TRUSTEE.

Name of Employer:    Debtor to pay direct.
Address:
Phone Number _____

Weekly \_\_\_ Bi-Weekly \_\_ Semi-Monthly\_\_\_ Monthly XX Other (Please specify) _____

**THE FIRST PAYMENT WILL BE RECEIVED BY THE TRUSTEE WITHIN THIRTY (30) DAYS FROM THE DATE OF THE FILING OF THE PETITION**.

**PLAN LENGTH:**
The debtor proposes to pay all disposable income into the plan for the benefit of creditors for not less than the applicable commitment period (unless unsecured are being paid 100%). The plan length shall not exceed 60 months.

The debtor's plan length is 60 months.

**I.     ADMINISTRATIVE COSTS:**
1) TRUSTEE'S FEES AND EXPENSES
2) ATTORNEY'S FEES – The attorney fee is subject to approval by separate application.
Amount to be paid through the plan: $3,000.00
Amount paid to attorney prior to filing: $0.00

Upon confirmation the Trustee shall pay an initial portion of the Attorney's fees in an amount not to exceed $1200.00 after paying administrative costs. Thereafter, the balance of the Attorney's fees shall be paid at the rate of 25% from the total amount disbursed to creditors each month.
.

**II.     CHILD SUPPORT**
REGULAR PAYMENT:
XX The Debtor has no child support obligations.
\_\_\_The regular monthly support payment shall be paid by the debtor directly.
\_\_\_The regular monthly support payment of $_____ shall be paid through the plan.
ARREARAGE PAYMENT: The total back child support is $_____ and shall be paid through the plan at a pro rata monthly amount.

**DOMESTIC SUPPORT OBLIGATIONS (DSO)**
CHILD SUPPORT RECIPIENT:
Name:
Address:
Telephone Number:
Party to whom child support is paid (if different from recipient):

### III. LONG TERM DEBTS:

The following debts will extend beyond the length of the plan. During the plan, the Trustee is to pay the regular, continuing monthly contract payment. If the claim is already in default, the Trustee will pay an additional sum each month until the default has been cured, in accordance with 11 U.S.C. 1322(b)(5). Upon completion of the plan, the debtor will resume payments on such claims pursuant to the terms of the original agreement. The regular monthly payment of the Debtor's principal residence will be paid each month by the Trustee prior to other secured or unsecured claims.

*Confirmation of this Plan imposes a duty on the Mortgage Entities to:*

*1) deem any Pre-Petition arrearage as contractually current so that no Post-Petition delinquency status is declared due to Pre-Petition events that are addressed in the Plan;*
*2) apply Trustee payments on Pre-Petition arrearages only to such arrearages;*
*3) apply mortgage payments made during the Plan(whether by the Debtor or by the Trustee) to the month in which they were made (or designated to be made) under or during the Plan.*
*4) Pre-Petition arrearages shall include only those sums included in the "allowed" proof of claim.*

| Creditor | Regular Payment | Arrears | Monthly Amount to Cure Arrears |
|---|---|---|---|
| City Ntl Bank | $679 | $8500 | $142 |

### IV. SECURED DEBTS WHICH WILL NOT EXTEND BEYOND THE LENGTH OF THE PLAN:

Until such time as the plan is confirmed, the Debtor's plan payment to the Trustee will be allocated to pay adequate protection payments to the following creditors, holding an allowed claim secured by personal property to the extent that the claim is attributable to the purchase of such property. With respect to such claim, if no adequate protection payment is designated below, the adequate protection payment shall be the amount of the proposed plan payment. Secured creditors, who will retain their liens and be paid the value of their collateral or the amount of their debt, **whichever is less**, shall be paid as follows:

| Creditor | Debt | Value | Interest Rate* | Adeq. Prot. Payment | Monthly Payment |
|---|---|---|---|---|---|
| Credit Acceptance | $13674 | $12000 | 5% | $57 | $226 |

\* If this space is left blank, no interest is to be paid.
\*\* Over Secured Creditors only and must specify contract rate.

**ANY AMOUNT CLAIMED BY THE CREDITOR THAT EXCEEDS THE VALUE OF THE COLLATERAL WILL BE TREATED AS A NONPRIORITY UNSECURED CLAIM.**

**V. PMSI Secured Claims to which §506 Valuation is Not Applicable:**

| Creditor | Debt | Value | Interest Rate | Adeq. Prot. Payment | Monthly Payment |
|---|---|---|---|---|---|

### VI. PROPERTY TO BE SURRENDERED:

The following are creditors to whom the Debtor surrenders the property securing the claim in accordance with 11 U.S.C. 1325(a)(5)(C). No further payments are to be made to the creditor on the secured claim; however, the creditor may file a claim for the deficiency and it will be treated as a non-priority unsecured creditor.

CREDITOR   DESCRIPTION OF PROPERTY

1:11-bk-70896

**VII. PRIORITY DEBTS:** Priority debts shall be paid in full in accordance with 11 U.S.C. 1322(a)(2), **unlessotherwise indicated in this plan.**

**VIII. UNSECURED DEBTS: CLAIMS SHALL BE PAID 100% UNLESS A DIFFERENT TREATMENT IS INDICATED BELOW:**

___Unsecured creditors shall be paid a definite percentage of their claims as filed and allowed by the court. That percentage is ____%.

___Unsecured creditors shall receive $_____ to be disbursed in accordance with §1322 and §1325.

XX Unsecured creditors shall receive a pro rata dividend from funds remaining after payment of administrative, long term secure/unsecured, secured, priority, child support and special non-priority unsecured claims and the debtor shall pay all projected disposable income into the plan for the benefit of creditors.

**IX. SPECIAL NONPRIORITY UNSECURED DEBTS:**
The following consumer debts shall be paid prior to other unsecured debts. The reason for this special treatment is stated below. Claims shall be paid in full (100%) unless a different treatment is indicated.

| Creditor | Debt | Interest Rate* | Monthly Payment | Reason |
|---|---|---|---|---|

**\*If space is left blank, no interest is to be paid.**

**X. DEBTS WHICH ARE NOT TO BE PAID BY THE TRUSTEE:**

The only debts which may be paid directly are:
1) the home mortgage, if current;
2) lease payments, if current;
3) child support payments per court order;
4) debts which are actually being paid by someone other than the debtor from property that is not property of the estate.

| Creditor | Description of Property | Nature of Obligation |
|---|---|---|
| Americredit | 2002 Dodge Neon | Final Payment to be paid direct by debtors |

**XI. EXECUTORY CONTRACTS**
The debtor __ assumes or __ rejects the following executory contract or unexpired lease. If rejected, no further payments are to be made to the creditor on the contract or lease; however, the creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor.

| Creditor | Contract and/or Description of Leased Property |
|---|---|

**XII. SALE OF ASSETS:**
The debtor proposes to sell the described real or personal property, after court approval and notice to creditors and the trustee, and will commit the proceeds as follows:

## XIII.  OTHER PROVISIONS:

Other provisions of the plan which are not inconsistent with Title 11 of the U.S.C., pursuant to 11 U.S.C. 1322(b)(10) are as follows:

The property of the estate shall continue to be property of the estate until such time as a discharge is granted or the case is dismissed. Unless otherwise provided the Debtor shall remain in possession of all property of the estate.

**In the event that a secured claim is allowed which is not provided for in the plan, then the Trustee shall pay such creditor in full after this plan has in all other respects been completed.**

Post-Petition claims provided for under 11 U.S.C. §1305 and §1322(b)(6) may be added to the plan by the debtor and, if the creditor elects to file a Proof of Claim with respect to the post-petition claim, the claim may be treated as though the claims arose before the commencement of the case, to be paid in full or in part through the plan.  Upon completion of the case, any unpaid balance of such claims may be subject to discharge.

Debtor */s/ Vernell Davis*          Attorney for Debtor(s) */s/ Stephen W. Parker*
                                            Stephen W. Parker
                                            Arkansas Bar #94121

Debtor */s/ Gladys Davis*